Argued May 18; affirmed June 13, 1933

SHOFNER *v.* BLANCHARD

(22 P. (2d) 893)

*Harley W. Allen,* of Portland (Sheppard & Phillips, of Portland, on the brief), for appellant.

*A. L. Veazie,* of Portland, for respondent.

BELT, J.  This is a suit to recover on a promissory note and to foreclose certain interests of the defendant in the "Cox Chemical" process alleged to have been transferred and assigned to plaintiff to secure the payment thereof.  The defendant, who has long been engaged in the investment business in the city of Portland, secured an option from one R. K. Weatherill of Los Angeles to purchase for $40,000 four units of a certain vested interest which Weatherill had acquired in the "Cox Chemical"—a process for the treatment of emulsified oils.  On February 28, 1931, the plaintiff

purchased 7/10 of 1 per cent interest in the "Cox Chemical" for $7,000. The plaintiff claims that, on the same date, he sold to the defendant a one-half interest in the part of the unit which he had purchased, taking in payment the defendant's promissory note for $3,500, dated February 28, 1931, due on or before six months after date. Plaintiff alleges that, to secure payment of the note, the defendant transferred and assigned his one-half of 7/10 of 1 per cent interest in the "Cox Chemical".

The defendant contends in substance that he and the plaintiff purchased such interest jointly and that it was understood and agreed that each should have an undivided one-half interest therein and that the profits should be shared equally. Defendant further states that under this agreement plaintiff was to advance the sum of $7,000 and that the note for $3,500 was executed by him only upon the express condition that it was to indemnify the plaintiff against loss if the Cox process and investment should prove worthless. Defendant also says that, by virtue of his agreement with plaintiff, if the process proved successful the payment of the note was to be made from the profits first accruing from his undivided one-half interest in the investment. Otherwise stated, the defendant asserts the note was delivered on the condition that it was to be a binding obligation only in the event of certain contingencies. From a decree in favor of the plaintiff, the defendant appeals.

The decision rests solely upon a question of fact. Did defendant deliver the note on the conditions alleged? An examination of the record convinces us that defendant did not have the agreement in reference to delivery of note as contended by him. When the trans-

action was closed, the plaintiff delivered to the defendant in the office of Mr. Seitz, an attorney at law, the following letter as evidence of their agreement:

"Portland, Oregon, February 28th, 1931.
"Mr. R. A. Blanchard,
"Portland, Oregon.

"Dear Sir:

"This will acknowledge that you are entitled to one-half ownership in seven-tenths (7/10) of a unit which I am purchasing in the Cox Process. This is costing me Seven Thousand ($7,000.00) Dollars. I am this date taking your note in the amount of Thirty-five Hundred ($3,500.00) Dollars in payment of said one-half interest.

"It is understood that you are entitled to one-half of this seven-tenths (7/10) of a unit and to one-half of any proceeds derived from the sale of it, or the division of any profits represented by this. Your one-half interest is to be held by me as security for the note.

"Very truly yours,
"(SGD.) H. B. Shofner"

Would defendant have us believe that he did not understand the clear meaning of the above letter? It was copied from a form used by the defendant in making other sales. Defendant admits that the transaction with plaintiff was precisely the same as the one with Mr. Seitz. The latter gentleman was present when the deal was made with the plaintiff. Mr. Seitz thus testified:

"Q. Were you present during the negotiations between Mr. Shofner and the defendant at your office on the day that Mr. Shofner bought his interest in this process?
"A. Yes, I was there.
"Q. Did you hear the talk between the parties?
"A. I did.

"Q. You have heard the testimony of the defendant to the effect that in those negotiations it was agreed that the note for $3,500.00 was to be delivered conditionally, and that the payment was to be collectible only in case Mr. Shofner suffered a loss on his investment in the Cox Process. State whether or not that testimony is true.

"A. That is not a fact".

The above testimony was received without objection.

Assuming, without deciding, that the evidence offered by the defendant was admissible to show a conditional delivery of the note, we think the case on its merits should be decided in favor of the plaintiff.

The decree of the lower court is therefore affirmed.

ROSSMAN, KELLY, and CAMPBELL, JJ., concur.